IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **MARIA P. LEMOS LTD.** § | |
| § | |
| **Plaintiff** § | |
| § | |
| VS. § | |
| § | |
| **M/T SLOMAN HERAKLES,** § | **C.A. NO. 4:20-cv-01281** |
| her engines, tackle, boilers, etc., *in rem* § | **In Admiralty Rule 9(h)** |
| and MT "SLOMAN HERAKLES" § | |
| SCHIFFFAHRTSGESELLSCHAFT § | |
| MBH & CO. KG and SLOMAN NEPTUN § | |
| SCHIFFAHRTS AG, *in personam* § | |
| § | |
| **Defendants.** § | |

## VERIFIED ORIGINAL COMPLAINT

COMES NOW Plaintiff, Maria P. Lemos Ltd. ("Plaintiff"), through its attorneys, Royston, Rayzor, Vickery & Williams, L.L.P., and pursuant to Federal Rules of Civil Procedure 9(h) and Rule C, files this its Verified Original Complaint against MT "Sloman Herakles" Schifffahrtsgesellschaft mbH & Co. KG and Sloman Neptun Schiffahrts AG, *in personam*, and the M/T SLOMAN HERAKLES, *in rem*, and would respectfully show as follows:

### I.
### SUBJECT MATTER JURISDICTION

1. This is a cause of action within the admiralty and maritime jurisdiction of the United States and this Honorable Court pursuant to 28 U.S.C. 1333 and Rules 9(h) and C of the Federal Rules of Civil Procedure. This claim involves an allision which occurred in waters subject to U.S. jurisdiction and this proceeding also seeks the arrest of the M/T SLOMAN HERAKLES under Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Assert Forfeiture Actions of the Federal Rules of Civil Procedure.

## II.
## THE PARTIES

2. Plaintiff in the action is Maria P. Lemos Ltd. ("MPL"). MPL is a foreign corporation and is the registered owner of the M/T MARIA P. LEMOS.

3. Defendant MT "Sloman Herakles" Schifffahrtsgesellschaft mbH & Co. KG ("Sloman"), *in personam*, is a foreign business entity with a business address of c/o Sloman Neptun Schiffahrts-Aktiengesellschaft-Langenstrasse 44, 28195, Bremen, Germany. At all material times, Sloman was the registered owner of the M/T SLOMAN HERAKLES.

4. Defendant Sloman Neptun Schiffahrts AG ("Neptun"), *in personam*, is a foreign business entity with a business address of Langenstrasse 44, 28195, Bremen, Germany. At all material times, Neptun was the manager/operator of the M/T SLOMAN HERAKLES.

5. Defendant M/T SLOMAN HERAKLES, her engines, tackle, appurtenances, etc., *in rem*, is, upon information and belief, a Antigua and Barbuda flagged, IMO 9466726, chemical/oil products tanker owned by Sloman, which has operated and continues to operate in the waters of the United States, and which is now, or will be during the pendency of this action, on the navigable waters of the United States and within the jurisdiction of this Court.

## III.
## PERSONAL JURISDICTION

### *In personam* Defendants Sloman and Neptun

6. Upon information and belief and at all times material, Sloman and Neptun owned, chartered, managed and/or operated the SLOMAN HERAKLES between various ports, including the Ports of Houston and Galveston, Texas. Upon information and belief, Sloman and Neptun are foreign business entities not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, and

conducting bunkering operations in Texas's navigational waters, entering into charter parties and/or other contracts in Texas, entering into charter parties and/or other contracts to be performed in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with Section 17.042 of the Texas Civil Practice & Remedies Code. Upon information and belief, Sloman and Neptun are non-residents as that term is used in Subchapter C of the Chapter 17 of the Texas Civil Practice & Remedies Code but have not designated or maintained a resident agent in Texas. Alternatively, although Sloman and Neptun may not be subject to general jurisdiction of Texas, the Verified Original Complaint arises under federal law and, upon information and belief, Sloman and Neptun have sufficient national minimum contacts with the United States as a whole. The exercise of personal jurisdiction over Sloman and Neptun is consistent with the Constitutions and other laws of the United States and of Texas. Accordingly, serving Sloman and Neptun with a Summons is effective to establish jurisdiction over it. Sloman and Neptun can be served by serving the Texas Secretary of State. Process or notice can be sent to Sloman and Neptun c/o Sloman Neptun Schiffahrts-Aktiengesellschaft-Langenstrasse 44, 28195, Bremen, Germany.

<u><em>In rem</em> Defendant SLOMAN HERAKLES</u>

7. The *in rem* Defendant SLOMAN HERAKLES is believed to be, or will be during the pendency of this action, located in the waters within the Southern District of Texas, and, as such, *in rem* service may be effectuated upon the SLOMAN HERAKLES by serving a copy of the Verified Original Complaint and Warrant for Seizure on the person in possession of the SLOMAN HERAKLES and/or its agent.

## IV.
## NEGLIGENCE UNDER THE GENERAL MARITIME LAW

8. On or about April 13, 2019, the MARIA P. LEMOS was at anchor at the Galveston anchorage. The SLOMAN HERAKLES approached and made fast on the starboard side of the MARIA P. LEMOS in order to provide bunkers[1] to the MARIA P. LEMOS. Upon termination of the bunkering operation and while the SLOMAN HERAKLES was maneuvering to depart, she allided with the MARIA P. LEMOS, and made heavy contact on the starboard side of the MARIA P. LEMOS at approximately 2045 hours causing damages, in the amount of $353,438.46.

9. At all relevant times, the MARIA P. LEMOS was properly and safety anchored making her the stationary vessel.

10. At all relevant times, the MARIA P. LEMOS was properly manned, crewed, anchored and seaworthy.

11. Nothing the MARIA P. LEMOS did was the cause of the damages sustained by the MARIA P. LEMOS, but were solely caused by the actions of the SLOMAN HERAKLES and Sloman and Neptun.

12. Those in charge of the SLOMAN HERAKLES were navigating the vessel in a negligent manner. Such negligence included, but was not limited to, the following negligent acts:

(i) failing to exercise the ordinary practice of seamanship;

(ii) failing to maintain a proper look-out by sight as well as by all available means appropriate in the prevailing circumstances and conditions so as to make full appraisal of the situation;

(iii) failing to determine if and when a risk of causing damage to the other vessels or facilities; and

---

[1] Bunker fuel is essentially fuel for use in a vessel's main engine.

(iv)    other negligent acts or omissions which Plaintiff will show at trial.

13.    Said negligence was the proximate cause of the alleged damages claimed by Plaintiff in its Verified Original Complaint.  Moreover, since the M/T MARIA P. LEMOS was stationary and properly anchored, and the SLOMAN HERAKLES was the moving vessel, there is a presumption of negligence against the SLOMAN HERAKLES as the moving vessel.

## V.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Maria P. Lemos Ltd., as registered owner of the M/T MARIA P. LEMOS, respectfully requests:

1. That due process in the form of law, according to the course and practice of this Honorable Court in causes of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, issue against Defendants Sloman Herakles Schifffahrtsgesellschaft mbH & Co. KG and Sloman Neptun Schiffahrts AG, citing them to appear and answer the foregoing, failing which a default will be taken against them for the principal amount of the claim, plus interest, costs, and attorney's fees;

2. That a warrant for the arrest of the Vessel, M/T SLOMAN HERAKLES, and her engines, tackle, gear, and appurtenances, etc., in rem, be issued according to the practice of this Honorable Court in causes of admiralty and maritime jurisdiction, and all persons having a claim and having any interest therein be cited to appear and answer, under oath, all and singular the matters aforesaid;

3. That the Plaintiff have a judgment entered in its favor against the Defendants, jointly and severally, on each of the causes of action specified, in the amount of the Plaintiff's damages, together with interest, costs, and attorney's fees; and

4. The Court grant such other and further relief, as the Court deems just and proper.

Respectfully Submitted,

By: */s/ Dimitri P. Georgantas*
  Dimitri P. Georgantas
  State Bar No. 07805100
  Federal I.D. No. 2805
  Eugene W. Barr
  State Bar No. 24059425
  Federal I.D. No. 1144784
  1600 Smith Street, Suite 5000
  Houston, TX 77002
  Telephone: (713) 224-8380
  Facsimile: (713) 225-9945
  dimitri.georgantas@roystonlaw.com
  eugene.barr@roystonlaw.com

**ATTORNEYS FOR PLAINTIFF,
MARIA P. LEMOS LTD.**

**OF COUNSEL:**

**ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**